JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

ELLEN M. PALMER

## DEFENDANTS

SANTA ROSA MEMORIAL HOSPITAL

**(b)** County of Residence of First Listed Plaintiff SONOMA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Susan Sher
Law Offices of Susan Sher
116 S. State Street
Ukiah, CA 95482    Tel. (707) 463-1196

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 12101 et seq.

Brief description of cause:
Disability discrimination under ADA and Calif. FEHA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ to be proven at trial    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE    July 11, 2008    SIGNATURE OF ATTORNEY OF RECORD

1  SUSAN SHER (SBN WA 14210)
   Law Offices of Susan Sher
2  116 S. State Street
   Ukiah, California 95482
3  Telephone: (707) 463-1196
   Facsimile: (707) 462-6258
4
   Attorney for Plaintiff,
5  ELLEN M. PALMER

6

7

8
                    UNITED STATES DISTRICT COURT
9
            FOR THE NORTHERN DISTRICT OF CALIFORNIA  **EDL**
10

11                                  **CV  08        3385**
12  ELLEN M. PALMER,              )  Case No.
                                  )
13                     Plaintiff, )  COMPLAINT FOR DAMAGES AND
                                  )  DECLARATORY RELIEF FOR
14          -v-                   )  DISCRIMINATION ON THE BASIS OF
                                  )  DISABILITY; FAILURE TO ENGAGE IN
15  SANTA ROSA MEMORIAL           )  INTERACTIVE PROCESS; FAILURE
    HOSPITAL,                     )  TO MAKE REASONABLE
16                                )  ACCOMMODATIONS; WRONGFUL
                                  )  TERMINATION IN VIOLATION OF
17                                )  PUBLIC POLICY
                      Defendant.  )
18                                )
                                  )  DEMAND FOR A JURY TRIAL
19                                )
                                  )
20
    Plaintiff ELLEN M. PALMER, for claims and relief against defendant alleges:
21
                         I. NATURE OF THIS ACTION
22
        1. Plaintiff Ellen M. Palmer was employed by defendant Santa Rosa Memorial
23
    Hospital ("the hospital") as an ultrasound technologist for 18 years. In 2006, she was injured
24
    in a work-related accident for which she took a six-month medical leave. At the end of that
25
    leave, Ms. Palmer returned to work and resumed performing all of the essential functions of
26
    her job. Several months after she returned to her job, however, the hospital misinterpreted a
27
    medical report and claimed that plaintiff's ability to perform her job duties was restricted.
28

PALMER v. SANTA ROSA MEMORIAL HOSPITAL, COMPLAINT FOR ADA AND FEHA VIOLATIONS          -1-

1  On that basis, the hospital refused to allow plaintiff to continue to work as an ultrasound
2  technologist and unlawfully removed her from her job.

3      2. This is an action for relief from defendant's violations of plaintiff's civil rights.
4  These violations include: discrimination on the basis of disability under the Americans with
5  Disabilities Act ("ADA"), 29 U.S.C. § 12101 *et seq*., and under the California Fair
6  Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940(a);  failure to engage in
7  an interactive process under the California FEHA, Cal. Gov't Code § 12940(n);  failure to
8  make reasonable accommodation under the California FEHA, Cal. Gov't Code § 12940(m);
9  and wrongful termination in violation of public policy as more particularly alleged herein.

10     3. Plaintiff seeks declaratory relief and damages, including lost wages and benefits,
11  compensatory and general damages, plus interest and reasonable attorneys fees and costs, for
12  defendant's violations of her rights.

13                          II.  JURISDICTION AND VENUE

14     4. This Court has jurisdiction over the subject matter and the parties pursuant to 28
15  U.S.C. §§ 1331 and 1343 (a)(4) to enforce provisions of the ADA (42 U.S.C. § 12101 *et*
16  *seq.*).

17     5. This Court has supplemental jurisdiction over the related state claims pursuant to
18  28 U.S.C. §§ 1367(a).  Plaintiff's claims pursuant to the California Fair Employment and
19  Housing Act, Cal. Gov't Code §§ 12940 (a), (m) and (n) and her wrongful termination in
20  violation of public policy claim are related, as all of plaintiff's claims share common
21  operative facts.  Resolving all state and federal claims in a single action serves the interests
22  of judicial economy, convenience and fairness to the parties.

23     6. Costs and attorneys fees may be awarded pursuant to 42 U.S.C. § 12117 and
24  California Government Code § 12965(b).

25     7. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §
26  1391(b) because the events giving rise to plaintiff's claims occurred in Sonoma County,
27  California which is situated in this District.

28

1

## III. PARTIES

2      8. Plaintiff Ellen M. Palmer was at all times relevant to the allegations of this

3  complaint, a U.S. citizen and a resident of Sonoma County in this judicial district.

4      9. Plaintiff is informed and believes, and based thereon alleges that defendant Santa

5  Rosa Memorial Hospital was, at all times relevant to this complaint, a health care corporation

6  organized and existing under the laws of the State of California.

7      10. Plaintiff is informed and believes, and based thereon alleges that defendant is an

8  employer covered by the ADA and the California FEHA in that it is engaged in an industry

9  affecting interstate commerce and employs at least 15 full or part-time employees for each

10  working day of each of 20 or more calendar weeks in the current or preceding year.

11

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

12      11. Plaintiff has exhausted all required administrative remedies. Plaintiff filed a

13  Charge of Discrimination with the U.S. Equal Employment Opportunity Commission

14  ("EEOC") on or about December 1, 2007. This Charge of Discrimination was dual filed with

15  the California Department of Fair Employment and Housing ("DFEH"). A true and correct

16  copy of the EEOC charge is attached hereto as Exhibit "A".

17      12. On or about February 5, 2008, the DFEH issued a Notice of Right to Sue, giving

18  plaintiff the right to file a lawsuit within one year. A true and correct copy of the DFEH

19  Notice of Right to Sue is attached hereto as Exhibit "B". On or about May 5, 2008, the

20  EEOC issued a Notice of Right to Sue, giving plaintiff the right to file a lawsuit within 90

21  days of her receipt of said Notice. A true and correct copy of the EEOC Notice of Right to

22  Sue is attached hereto as Exhibit "C".

23

## V. FACTUAL ALLEGATIONS

24      13. Plaintiff Ellen M. Palmer has worked in the field of ultrasound technology for

25  thirty two years. She is licenced to work as an x-ray technologist as well as a diagnostic

26  medical sonographer. In 1989, plaintiff became employed by defendant Santa Rosa

27  Memorial Hospital as an ultrasound technologist in the hospital's imaging department. In

28  that capacity, she performed diagnostic ultrasound procedures ordered by hospital staff

1  physicians. She enjoyed her work, was well-liked by her colleagues and was known as one
2  of the department's most valued and hardest-working employees.

3        14. At the time defendant removed her from her ultrasound technologist job, Ms.
4  Palmer was earning $45 per hour which was the top of the pay scale for her job category.
5  She generally worked three eight hour shifts or twenty four hours per week during the
6  daytime and additionally, one eight hour on-call night shift each week.

7        15. In June 2006, Ms. Palmer was involved in a work-related accident in which she
8  sustained injury to both of her knees and left shoulder as well as some facial lacerations.
9  Following that accident, plaintiff took a medical leave and was off work for approximately
10  six months. As a result of this injury, plaintiff filed a claim for workers' compensation
11  benefits.

12        16. In December 2006, Dr. Geoffrey Tompkins, Ms. Palmer's primary treating
13  physician released plaintiff back to work on a part-time basis with modified duties. In March
14  2007, Dr. Tompkins released Ms. Palmer back to full-time work with no restrictions. From
15  March 2007 until the hospital removed her from her job in September 2007, Ms. Palmer
16  performed all of the essential functions of her job. She was fully able to perform all of her
17  essential job duties without any accommodations. Until late September 2007, the hospital
18  expressed no concerns or criticisms related to Ms. Palmer's ability to perform her job duties.

19        17. In conjunction with her claim for worker's compensation benefits, on June 7,
20  2007, Ms. Palmer underwent a brief agreed orthopedic evaluation with Michael A. Sommer,
21  M.D. Prior to that examination, Ms. Palmer had never met nor been examined by Dr.
22  Sommer. On August 13, 2007, Dr. Sommer issued a written evaluation to the hospital's
23  insurance carrier regarding his examination of Ms. Palmer. Plaintiff is informed and
24  believes, and based thereon alleges that the purpose of this report was to inform the insurance
25  carrier of Dr. Sommer's findings regarding apportionment of injury for purposes of
26  plaintiff's claim for worker's compensation benefits.

27        18. In his report of August 13, 2007, Dr. Sommer noted that Ms. Palmer was back at
28  work and performing her normal job duties. In order to avoid re-injury, however, Dr.

1  Sommer also suggested that Ms. Palmer limit some specific activities. For example, his
2  report precluded "forceful pushing and pulling" with the left shoulder and "heavy lifting and
3  prolonged weight bearing" as well as squatting and kneeling on plaintiff's knees. These
4  limitations were, however, not relevant to Ms. Palmer's job duties.

5          19. On September 27, 2007, a representative of defendant's human resource
6  department telephoned Ms. Palmer at home to inform plaintiff that based on the findings
7  contained in Dr. Sommer's August 13, 2007 report, the hospital would not permit plaintiff to
8  continue in her customary job as an ultrasound technologist. Ms. Palmer was further
9  informed that as a result of the hospital's decision, she would be placed on unpaid
10 administrative leave. This human resource representative further suggested to plaintiff that
11 plaintiff apply for disability benefits. Plaintiff explained, however that since neither she nor
12 her treating physician considered her to be disabled, she felt that such an application would
13 be fraudulent.

14         20. Plaintiff is informed and on that basis alleges that the hospital's decision to
15 remove her from her job was made in the absence of any consultation with Dr. Tompkins
16 who had in March 2007, released her back to full-time, unrestricted employment. Plaintiff is
17 further informed and that basis alleges that this decision to remove her from her job was also
18 made in the absence of any consultation with Dr. Sommers upon whose report the hospital
19 allegedly relied.

20         21. On October 5, 2007, a meeting was held to discuss the decision of the hospital to
21 preclude Ms. Palmer from continuing in her job. Present at the meeting were Ms. Palmer,
22 Martha Geiger, the manager of the hospital's imaging department, Erin Viloria of the
23 hospital's human resource department and Kris Jusilla, a representative of Rehab West, an
24 affiliate of the hospital's worker's compensation insurance carrier. Other than Ms. Palmer,
25 no one present at this meeting possessed any day-to-day knowledge of Ms. Palmer's work
26 performance or the requirements of her job. Not present at the meeting was Rose Honeyman,
27 the immediate supervisor of plaintiff who was very familiar with plaintiff's work duties and
28 abilities.

1    22. At the meeting, Ms. Palmer explained that actions such as forceful pushing or

2    pulling or squatting or kneeling which were vaguely limited by Dr. Sommer's report were in

3    actuality infrequently, if ever required by her job. She also emphasized that she had been

4    performing the required duties of her job without incident since her return to full-time,

5    unrestricted employment approximately eight months earlier and that during that entire time

6    period, she had taken no sick days.

7    23. Despite this evidence that Ms. Palmer was in fact able to perform the essential

8    functions of an ultrasound technologist, the hospital confirmed its prior decision to oust Ms.

9    Palmer from her job. At the conclusion of this October 5, 2007 meeting, the hospital invited

10   Ms. Palmer to peruse a listing of titles of job openings at the hospital and choose something

11   that "interested" her. The listings did not include wage or salary information. At this

12   October 5, 2007 meeting, Ms. Palmer was informed that she would need to make a decision

13   regarding her choice for a possible new job no later than October 11, 2007. Since she had

14   been and was able to perform the essential functions of her customary job and was not

15   qualified for any other type of work which paid equivalent wages, Ms. Palmer opted to not

16   select a new career in less than one week's time.

17   24. As of September 27, 2007, Ms. Palmer was ousted from her job of ultrasound

18   technologist and no longer received a paycheck for her customary earned wages. Between

19   September 27, 2007 and October 4, 2007, she received no compensation. On October 5,

20   2007, she was forced to begin to use her accrued paid sick leave and vacation time in lieu of

21   paid wages which paid approximately 50% of her customary wages.

22   25. On or about October 5, 2007, plaintiff's counsel wrote Dr. Sommer to explain that

23   the hospital had not allowed plaintiff to continue to work based on its interpretation of Dr.

24   Sommer's earlier report. Plaintiff's counsel enclosed a copy of a Physical Job Demands

25   Summary and Position Description of Ms. Palmer's job prepared by the hospital and

26   requested Dr. Sommer's opinion as to whether Ms. Palmer was precluded from performing

27   any of those described functions.

28   26. Beginning October 23, 2007, plaintiff's counsel also began to engage in

1  correspondence and telephone conversations with the hospital regarding defendant's
2  wrongful decision to bar plaintiff from her employment and plaintiff's desire to get back to
3  work as soon as possible.

4       27.  On or about November 12, 2007, Dr. Sommer wrote to the worker's
5  compensation attorneys for both Ms. Palmer and the hospital and explained that his
6  suggested preclusions should not be interpreted as a basis upon which Ms. Palmer should be
7  prevented from doing her job.  Dr. Sommer explained that " . . . my sense is that this is a
8  valued employee who has learned to accommodate and is able to do her job safely, both for
9  her own sake and for the safety of the employer, and I have no wish to make a restrictions
10  [sic] that is artificial and no wish to see her being out of work."

11       28.  On or about January 8, 2008, counsel for the hospital informed plaintiff's counsel
12  that she "had just been informed that Dr. Sommer has clarified his report . . . and Ms. Palmer
13  is able to return to work . . ."

14       29.  On February 4, 2008, Ms. Palmer was permitted to return to her customary job of
15  ultrasound technologist at the hospital.

16       30.  During the time period that the hospital wrongly prohibited her from working as
17  an ultrasound technologist from September 27, 2007 to February 5, 2008, Ms. Palmer was
18  forced to exhaust virtually all of her accrued sick leave and vacation time.

19       31.  Despite numerous opportunities to comply with the provisions of the ADA and
20  the California FEHA, the hospital made no reasonable efforts to evaluate Ms. Palmer's
21  ability to do her job until several months after it actually removed her from the job.  Prior to
22  barring her from her 18-year ultrasound technologist job, the hospital failed to engage in an
23  interactive process to determine whether or not plaintiff was capable of continuing to
24  perform the essential functions of her job.  Had the hospital done so, it would have
25  understood that Ms. Palmer had in fact been doing the job, could have continued to do the
26  job and that the paper restrictions on which the hospital relied to bar her from continuing in
27  her job were not relevant to the physical demands of the job.

28       32.  Plaintiff had at all times duly performed all of the conditions of the employment

1 agreement until she was prevented from doing so by defendant. At all times relevant to this
2 complaint, plaintiff had been ready, willing, and able to perform her job.

3 ### VI. DECLARATORY RELIEF ALLEGATIONS

4 33. Plaintiff incorporates by reference as if fully set forth herein the allegations
5 contained in paragraphs 1 through 32, above.

6 34. An actual controversy exists between plaintiff and defendant concerning their
7 respective rights and duties. Plaintiff contends that defendant violated her rights under the
8 ADA and the California FEHA by discriminating against her on the basis of her disability, by
9 wrongfully terminating her, by not engaging in an interactive process with her and by
10 denying her reasonable accommodation. Plaintiff is informed and believes, and based
11 thereon alleges, that defendant denies that these actions were unlawful. Declaratory relief is
12 therefore necessary and appropriate.

13 35. Plaintiff seeks a judicial declaration of the rights and duties of the respective
14 parties.

15 ### VII. FIRST CLAIM FOR RELIEF
Discrimination on the Basis of Disability
16 (Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*)

17 36. Plaintiff incorporates by reference as if fully set forth herein the allegations
18 contained in paragraphs 1 through 35, above.

19 37. Plaintiff suffers from a disability in that she possesses a physical impairment
20 that substantially limits one or more of her major life activities; she has a record of such
21 impairment; or she is regarded as having such an impairment.

22 38. Plaintiff is a qualified individual with a disability in that she is an individual
23 with a disability, who, with or without reasonable accommodation, could perform the
24 essential functions of the employment position she held.

25 39. Following defendant's conclusion that plaintiff was an individual with a
26 disability, defendant was required to engage in an interactive process with plaintiff in order
27 to identify and implement possible reasonable and effective accommodations before it barred
28 plaintiff from her employment.

1    40. Defendant failed or refused to engage in an interactive process in order to
2    allow plaintiff to continue to perform the essential functions of her position.

3    41. Defendant removed plaintiff from her 18-year career because of a perceived
4    medical condition that without the slightest confirmation was treated as without the
5    possibility of accommodation. In so doing defendant discriminated against plaintiff because
6    of her disability.

7    42. As a proximate result of defendant's actions, plaintiff has suffered and will
8    continue to suffer substantial losses in past earnings, employment benefits all to her damage
9    in an amount to be proven at trial.

10   43. As a further proximate result of defendant's actions against plaintiff, plaintiff
11   has suffered and will continue to suffer emotional pain, humiliation, mental anguish and
12   enjoyment of life, all to her damage in an amount to be proven at trial

13   44. Defendant's conduct as described above was willful, knowing and intentional
14   and done with reckless indifference to the federally-protected rights of plaintiff; accordingly,
15   plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

16   45. Defendant's action against plaintiff has caused and will continue to cause
17   plaintiff harm in that plaintiff will incur attorney fees and costs of suit including expert
18   witness fees, which will be claimed in an amount to be proven following trial.

19   WHEREFORE, plaintiff prays for relief and judgment as hereinafter set forth.

20                   VIII.  SECOND CLAIM FOR RELIEF
            DISCRIMINATION ON THE BASIS OF DISABILITY
21                 (California Government Code §12940(a))

22   46. Plaintiff incorporates by reference as if fully set forth herein the allegations
23   contained in paragraphs 1 through 45.

24   47. The FEHA codified in Government Code §§ 12900 et seq. makes it unlawful
25   for an employer to discriminate against an employee on the basis of the employee's
26   disability.

27   48. At all times material to this complaint, as per Government Code §12926(k)
28   plaintiff was a person with a disability within the meaning of the FEHA. Plaintiff had a

1  record of a physical disability that affected her musculoskeletal system and that limited a

2  major life activity. She was also regarded as or treated by defendant as having a physical

3  condition that made achievement of a major life activity difficult.

4  49. Plaintiff is a qualified individual with a disability in that she is an individual

5  with a disability who, with or without reasonable accommodation, could have performed the

6  essential functions of the employment position she desired and held.

7  50. Plaintiff is informed and believes and based thereon alleges that her disability

8  was a motivating factor in defendant's decision to bar her from her customary employment

9  and other discrimination against her, in violation of Government Code §12940(a).

10  51. As a proximate result of defendant's actions, plaintiff has suffered and

11  continues to suffer substantial losses in earnings, employment benefits and medical expenses

12  all to her damage in an amount to be proven at trial.

13  52. As a further proximate result of defendant's actions against plaintiff, plaintiff

14  has suffered and will continue to suffer emotional pain, humiliation, mental anguish, decline

15  in physical health and enjoyment of life all to her damage in an amount to be proven at trial.

16  53. Defendant's conduct as described above was willful, knowing and intentional

17  and done with reckless indifference to the statutorily protected rights of plaintiff;

18  accordingly, plaintiff seeks an award of punitive and exemplary damages in an amount

19  according to proof.

20  54. Defendant's actions against plaintiff have also caused and will continue to

21  cause plaintiff harm in that plaintiff has or will incur attorneys fees and costs of suit,

22  including expert witness fees, which will be claimed in an amount to be proven following

23  trial.

24  WHEREFORE, plaintiff prays for relief and judgment as hereinafter set forth.

25  IX.  THIRD CLAIM FOR RELIEF
   FAILURE TO ENGAGE IN INTERACTIVE PROCESS
26  (California Government Code) §12940(n))

27  55. Plaintiff incorporates by reference as if fully set forth herein the allegations

28  contained in paragraphs 1 through 54.

1    56. Government Code §12940(n) provides that it is unlawful for an employer to
2  fail to engage in a timely, good faith interactive process with an employee with a known
3  physical disability in order to identify and implement effective reasonable accommodations if
4  any.

5    57. Defendant was required to proactively engage in a review of plaintiff's ability
6  to continue to perform the essential functions of her job with or without reasonable
7  accommodations.

8    58. Defendant failed to engage in a effective interactive process before it decided
9  to remove plaintiff from her job.

10    59. As a proximate result of defendant's actions, plaintiff has suffered and
11  continues to suffer substantial losses in earnings, employment benefits and medical expenses
12  all to her damage in an amount to be proven at trial.

13    60. As a further proximate result of defendant's actions against plaintiff, plaintiff
14  has suffered and will continue to suffer emotional pain, humiliation, mental anguish, decline
15  in physical health and enjoyment of life all to her damage in an amount to be proven at trial.

16    61. Defendant's conduct as described above was willful, knowing and intentional
17  and done with reckless indifference to the statutorily protected rights of plaintiff;
18  accordingly, plaintiff seeks an award of punitive and exemplary damages in an amount
19  according to proof.

20    62. Defendant's actions against plaintiff have also caused and will continue to
21  cause plaintiff harm in that plaintiff has or will incur attorneys fees and costs of suit,
22  including expert witness fees, which will be claimed in an amount to be proven following
23  trial.

24    WHEREFORE, plaintiff prays for relief and judgment as hereinafter set forth.

25    X. FOURTH CLAIM FOR RELIEF
     FAILURE TO ACCOMMODATE DISABILITY
26    (California Government Code §12940(m))

27    63. Plaintiff incorporates by reference as if fully set forth herein the allegations
28  contained in paragraphs 1 through 62.

PALMER v. SANTA ROSA MEMORIAL HOSPITAL, COMPLAINT FOR ADA AND FEHA VIOLATIONS                    -11-

1        64. Government Code §12940(m) provides that it is unlawful for an employer to

2 fail to consider a reasonable accommodation for the known physical disability of an

3 employee.

4        65. Defendant failed to make reasonable accommodation for what it perceived to

5 be plaintiff's disability, and therefore, to allow plaintiff to remain employed in her usual

6 occupation.

7        66. As a proximate result of defendant's actions, plaintiff has suffered and

8 continues to suffer substantial losses in earnings, employment benefits and medical expenses

9 all to her damage in an amount to be proven at trial.

10        67. As a further proximate result of defendant's actions against plaintiff, plaintiff

11 has suffered and will continue to suffer emotional pain, humiliation, mental anguish, decline

12 in physical health and enjoyment of life all to her damage in an amount to be proven at trial.

13        68. Defendant's conduct as described above was willful, knowing and intentional

14 and done with reckless indifference to the statutorily protected rights of plaintiff;

15 accordingly, plaintiff seeks an award of punitive and exemplary damages in an amount

16 according to proof.

17        69. Defendant's actions against plaintiff have also caused and will continue to

18 cause plaintiff harm in that plaintiff has or will incur attorneys fees and costs of suit,

19 including expert witness fees, which will be claimed in an amount to be proven following

20 trial.

21        WHEREFORE, plaintiff prays for relief and judgment as hereinafter set forth.

22                     XI. FIFTH CLAIM FOR RELIEF
WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

23

24        70. Plaintiff incorporates by reference as if fully set forth herein the allegations

contained in paragraphs 1 through 69.

25

26        71. At all times mentioned in this complaint, the ADA and California FEHA were

in full force and effect and were binding on defendant. These statutory provisions embody

27

fundamental, substantial, and well-established public policies of the United States and the

28

1  State of California which prohibit employers from discriminating against employees because

2  they exercise their right to maintain employment despite their disabilities and seek and obtain

3  reasonable accommodations for their disabilities.

4      72. By discriminating against plaintiff Palmer because she exercised these rights,

5  defendant violated the public policies embodied in these statutes.

6      73. As a proximate result of defendant's actions, plaintiff has suffered and

7  continues to suffer substantial losses in earnings, employment benefits and medical expenses

8  all to her damage in an amount to be proven at trial.

9      74. As a further proximate result of defendant's actions against plaintiff, plaintiff

10  has suffered and will continue to suffer emotional pain, humiliation, mental anguish, decline

11  in physical health and enjoyment of life all to her damage in an amount to be proven at trial.

12      75. Defendant's conduct as described above was willful, knowing and intentional

13  and done with reckless indifference to the statutorily protected rights of plaintiff;

14  accordingly, plaintiff seeks an award of punitive and exemplary damages in an amount

15  according to proof.

16      76. Defendant's actions against plaintiff have also caused and will continue to

17  cause plaintiff harm in that plaintiff has or will incur costs of suit, including expert witness

18  fees, which will be claimed in an amount to be proven following trial.

19      WHEREFORE, plaintiff requests relief and judgment as hereinafter set forth.

20                              XII. RELIEF REQUESTED

21      WHEREFORE, plaintiff respectfully requests that this Court assume jurisdiction in

22  this entire matter and:

23      1. Grant a declaratory judgment that defendant violated the ADA and the

24  California FEHA and wrongfully removed plaintiff from her customary job;

25      2. Order defendant to pay plaintiff the wages, salary, employment benefits, and

26  other compensation denied or lost to plaintiff by reason of defendant's violations of the ADA

27  and the California FEHA in an amount to be proven at trial;

28      3. Order defendant to pay plaintiff compensatory damages for plaintiff's emotional

1 pain and suffering in an amount to be proven at trial;

2   4. Order defendant to pay plaintiff reasonable attorney's fees, reasonable expert

3 witness fees, and other costs of the action;

4   5. Order defendant to pay plaintiff interest on such damages as are appropriate,

5 including pre- and post-judgment interest; and

6   6. Grant such other and further relief as this Court may deem proper and just.

7

8 Dated: July 11, 2008                    Respectfully submitted,

9                                         LAW OFFICES OF SUSAN SHER

10

11

12                                        By: _____
                                          Susan Sher
13                                        Attorney for Plaintiff,
                                          ELLEN M. PALMER

14                    XIII. JURY DEMAND

15   Plaintiff demands trial by jury of all claims and causes of action so triable.

16

17 Dated: July 11, 2008                    Respectfully submitted,

18                                         LAW OFFICES OF SUSAN SHER

19

20                                        By: _____
                                          Susan Sher
21                                        Attorney for Plaintiff,
                                          ELLEN M. PALMER

22

23

24

25

26

27

28

# Exhibit A to Complaint of

# Palmer v. Santa Rosa Memorial Hospital

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 550-2008-00427 |

| **California Department Of Fair Employment & Housing** | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Ellen M. Palmer** | **(707) 328-5845** | **09-04-1952** |

Street Address                                     City, State and ZIP Code
**448 Garfield Park Avenue, Santa Rosa, CA 95409**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **SANTA ROSA MEMORIAL HOSPITAL** | **500 or More** | **(707) 546-3210** |

Street Address                                     City, State and ZIP Code
**1165 Montgomery Drive,  Santa Rosa, CA 95405**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                                     City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

| | | | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|---|---|
| | | | Earliest          Latest |
| ☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | | | 10-05-2007 |
| ☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ OTHER (Specify below.) | | | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |
| Date          Charging Party Signature | |

## ***CHARGE OF DISCRIMINATION***

**EEOC#**
**DFEH#**
State or local agency:  CA Dept of Fair Employment & Housing and **EEOC**

---

**NAME**: ELLEN M. PALMER                    **HOME TEL**:  (707) 328-5845
**ADDRESS**:  448 Garfield Park Avenue, Santa Rosa, CA 95409
**DATE OF BIRTH**: 9/4/52          **SOCIAL SECURITY NO**: 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
**SEX**: Female                        **NATIONAL ORIGIN**:  European-American

---

**NAME OF EMPLOYER WHO DISCRIMINATED**: SANTA ROSA MEMORIAL
HOSPITAL
**NUMBER OF EMPLOYEES**: At least 860     **TELEPHONE**:  (707) 546-3210
**ADDRESS**:  1165 Montgomery Drive, Santa Rosa, CA 95405
**COUNTY**: SONOMA
**NATURE OF BUSINESS**:  Private hospital

---

**NAME OF INDIVIDUAL EMPLOYEE COMPLAINED OF**:
**TITLE**:
**ADDRESS**:
**TELEPHONE**:
**COUNTY**:

---

**CAUSE OF DISCRIMINATION BASED ON**:  Disability
**DATE DISCRIMINATION TOOK PLACE**:  Earliest: 9/27/07;  Latest:  Continuing

---

**THE PARTICULARS ARE**:

I.      I was employed by respondent Santa Rosa Memorial Hospital ("SRMH") from 1989 until
        October 2007 as an ultrasonographer.  In that capacity, I performed diagnostic ultrasound
        procedures as ordered by staff physicians.  I loved my work and anticipated being
        employed by SRMH in that capacity for many years to come.

II.     In June 2006, I was involved in a work-related accident in which I sustained some injury
        to my left knee and shoulder and some facial lacerations.  After several months off work,
        in December 2006, my treating physician, Dr. Jeffrey Tompkins released me back to work
        with modified duties.  In March 2007, Dr. Tompkins released me back to work with no
        restrictions. From March 2007 through October 2007, I performed all of the essential
        duties of my job with no problems and no criticism by my employer.

III.    Following my workplace injury, I had filed a claim for worker's compensation benefits.
        Pursuant to that application, on June 7, 2007, I was referred to Dr. Michael A. Sommer
        for an agreed orthopedic medical evaluation.  Prior to that examination, I had never

CHARGE OF DISCRIMINATION OF ELLEN PALMER
page two

before been treated by Dr. Sommer. On August 13, 2007, Dr. Sommer issued his written evaluation.

IV. In his report, Dr. Sommer vaguely suggested some limitations aimed at avoiding re-injury. These suggested limitations were not relevant to my ability to perform the essential functions of my job. Dr. Sommer also noted in his report that I was "fortunately able to be back at work at [my] normal duties and working [my] usual time slots . . ."

V. On September 27, 2007, a representative of the human resource department of SRMH contacted me by telephone and informed me that based on Dr. Sommer's report, SRMH had decided that I would not be permitted to continue to work in my customary job. This decision had been made in the absence of any consultation with Dr. Tompkins, my treating physician or any follow-up consult with Dr. Sommer.

VI. On October 5, 2007, a meeting was held to discuss the decision of SRMH to preclude me from continuing in my job. My immediate supervisor who was very familiar with my ability to do my job was not invited to the meeting. No timely, good faith interactive process to determine how SRMH could accommodate what it perceived to be my disability or whether or not I was in fact no longer able to perform the essential functions of my job occurred. Instead, at that meeting, SRMH affirmed its decision to bar me from continuing to work as a sonographer.

VII. At the conclusion of the October 5, 2007 meeting, I was invited to peruse a listing of available jobs at SRMH and advised to choose something that "interested" me. Since I felt and still feel that I am entirely able to perform the essential functions of my customary job and am not qualified for any other type of work at the hospital which likely would not pay equivalent wages, I was unable to quickly select a new career during that meeting.

VIII. Despite my efforts to discuss a return to work, SRMH has refused and continues to refuse to allow me to do so.

IX. I believe that SRMH has discriminated against me by mistakenly regarding or treating me as disabled or alternatively, by refusing to accommodate what it perceives to be my disability.

X  I want this charge filed with both the **EEOC** and the **DFEH**. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

CHARGE OF DISCRIMINATION OF ELLEN PALMER
page three

I declare under penalty of perjury that the foregoing is true and correct.

Dated:
December 1, 2007

ELLEN PALMER
CHARGING PARTY

at Santa Rosa, CA
City

Exhibit B to Complaint of

Palmer v. Santa Rosa Memorial Hospital

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320

Date:    February 5, 2008

Case Name:    ELLEN M. PALMER
vs. SANTA ROSA MEMORIAL HOSPITAL

EEOC No:    550-2008-00427

**H** 1001 Tower Way, Suite 250
Bakersfield, CA 93309
(661) 395-2729

**C** 1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

**R/S/T** 611 West Sixth Street, Suite 1500
Los Angeles, CA 90017
(213) 439-6799

**M** 1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2941

**E** 2000 "O" Street, Suite 120
Sacramento, CA 95814
(916) 445-5523

**D** 1350 Front Street, Suite 3005
San Diego, CA 92101
(619) 645-2681

**F** San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

**G** 2570 North First Street, Suite 480
San Jose, CA 95131
(408) 325-0344

**K** 2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

WANDA J. KIRBY

# Exhibit C to Complaint of

# Palmer v. Santa Rosa Memorial Hospital

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  **Susan Sher**
    c/o: Ellen M. Palmer
    215 West Standley Street, Suite 8
    Ukiah, CA 95482

From:  **San Francisco District Office**
         350 The Embarcadero, Suite 500
         San Francisco, CA 94105

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
|  | **Rubén F. Massa,** |  |
| **550-2008-00427** | **Investigator** | **(415) 625-5665** |

(See also the additional information enclosed with this form.)

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[X]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Michael Baldonado*     5/5/08

Enclosures(s)

**Michael Baldonado,**
**Acting Director**

(Date Mailed)

cc:  **Margaret Gillespie**
    **Attorney**
    **OGLETREE DEAKINS**
    **633 West Fifth St., Suite 5300**
    **Los Angeles, CA 90071**