1  THOMAS M. MCINERNEY, State Bar No. 162055
   tmm@ogletreedeakins.com
2  GREGORY C. CHENG, State Bar No. 226865
   gregory.cheng@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
4  One Market Plaza
   San Francisco, California 94105
5  Telephone:   (415) 442-4810
   Facsimile:   (415) 442-4870
6
7  Attorneys for Defendant
   SANTA ROSA MEMORIAL HOSPITAL

8           UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10 ELLEN M. PALMER,                    Case No. CV 08 3385 EDL

11         Plaintiff,                  ANSWER OF DEFENDANT SANTA
                                       ROSA MEMORIAL HOSPITAL TO
12    v.                               PLAINTIFF ELLEN M. PALMER'S
                                       COMPLAINT FOR DAMAGES
13 SANTA ROSA MEMORIAL HOSPITAL,

14         Defendant.

15

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

CASE NO. CV 08 3385 EDL

ANSWER OF DEFENDANT SANTA ROSA MEMORIAL HOSPITAL
TO PLAINTIFF ELLEN M. PALMER'S COMPLAINT FOR DAMAGES

Defendant Santa Rosa Memorial Hospital ("Defendant") hereby files its Answer to Plaintiff Ellen M. Palmer's ("Plaintiff") Complaint for Damages ("Complaint"), and would respectfully show the Court as follows:

## I.  NATURE OF THIS ACTION.

1.  In response to paragraph 1 of the Complaint, Defendant objects to various terms including "resumed performing all of the essential functions of her job," "misinterpreted a medical report," and "plaintiff's ability to perform her job duties was restricted" on the basis that they are vague, ambiguous, and unintelligible. Defendant admits that Plaintiff was employed by Santa Rosa Memorial Hospital as an Ultrasound Technologist (Medical Sonographer) from March 19, 1990 to June 16, 2008. Defendant further admits that Plaintiff took a leave of absence in 2006 due to an alleged injury and that she subsequently returned back to work. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 that Plaintiff resumed performing all of the essential functions of her job upon return from her leave of absence, and on that basis it denies that allegation. Defendant denies the remaining allegations.

2.  In response to paragraph 2 of the Complaint, Defendant admits that the listed claims are those in which Plaintiff has brought this complaint. Defendant denies violating Plaintiff's civil rights, any statute or any alleged public policies alleged therein.

3.  In response to paragraph 3 of the Complaint, Defendant admits Plaintiff seeks the listed relief and damages. Defendant denies that Plaintiff is entitled to the same. Defendant further denies violating Plaintiff's civil rights, any statute or any alleged public policies alleged therein.

## II.  JURISDICTION AND VENUE

4.  In response to paragraph 4 of the Complaint, Defendant admits this Court has jurisdiction.

5.  In response to paragraph 5 of the Complaint, Defendant admits that Plaintiff attempts to invoke supplemental jurisdiction. Defendant is without sufficient knowledge to determine whether supplemental jurisdiction is appropriate and therefore must deny the remaining allegations.

6.  In response to paragraph 6 of the Complaint, Defendant admits that attorneys' fees

1                                                              CASE NO. CV 08 3385 EDL
ANSWER OF DEFENDANT SANTA ROSA MEMORIAL HOSPITAL
TO PLAINTIFF ELLEN M. PALMER'S COMPLAINT FOR DAMAGES

1  and costs are recoverable pursuant to California Government Code Section 12965(b). Defendant
2  denies the remaining allegations.

3      7.    In response to paragraph 7 of the Complaint, Defendant objects to various terms
4  including "events" and "plaintiff's claims" on the basis that they are vague, ambiguous, and
5  unintelligible. Defendant admits that some of the alleged conduct in the Complaint is alleged to
6  have occurred in Sonoma County, and that Sonoma County is located within the Northern District
7  of California.

### III. PARTIES

9      8.    In response to paragraph 8 of the Complaint, Defendant is without sufficient
10 knowledge or information to form a belief as to the truth of allegations in paragraph 8, and on that
11 basis it denies the allegations.

12     9.    In response to paragraph 9 of the Complaint, Defendant admits that it engages in
13 business within the health care industry and that it is a corporation that is incorporated and
14 qualified to do business in the State of California.

15     10.    In response to paragraph 10 of the Complaint, Defendant admits that it is covered by
16 the Americans with Disabilities Act and the California Fair Employment and Housing Act.
17 Defendant is without sufficient knowledge or information to form a belief as to the truth of the
18 remaining allegations, and on that basis it denies these allegations.

### IV   EXHAUSTION OF ADMINISTRATIVE REMEDIES

20     11.    In response to paragraph 11 of the Complaint, Defendant admits that an EEOC
21 charge is attached to the Complaint. Defendant is without sufficient knowledge or information to
22 form a belief as to the truth of the remaining allegations, and on that basis it denies these
23 allegations.

24     12.    In response to paragraph 12 of the Complaint, Defendant admits that both an EEOC
25 and DFEH Notice of Right to Sue are attached to the Complaint. Defendant is without sufficient
26 knowledge or information to form a belief as to the truth of the remaining allegations, and on that
27 basis it denies these allegations.

28     13.    In response to paragraph 13 of the Complaint, Defendant admits that Plaintiff

became employed by Defendant in 1989 as an Ultrasound Technologist (Medical Sonographer) in Defendant's imaging department and that she performed various duties as required by her position. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis it denies these allegations.

14. In response to paragraph 14 of the Complaint, Defendant objects to various terms including "removed her" on the basis that they are vague, ambiguous, and unintelligible. Defendant denies Plaintiff's allegations that in September 2007, Plaintiff was earning $45 per hour. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis it denies these allegations.

15. In response to paragraph 15 of the Complaint, Defendant admits that in 2006 Plaintiff sustained an alleged injury, she took a leave of absence, and she filed for workers' compensation benefits in connection with her alleged injury. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis it denies these allegations.

16. In response to paragraph 16 of the Complaint, Defendant objects to various terms including "released," "part-time basis with modified duties," "removed her," "performed all of the essential functions of her job," "until late September 2007," and "expressed no concerns or criticisms related to Ms. Palmer's ability to perform her job duties" on the basis that they are vague, ambiguous, and unintelligible. Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis it denies these allegations.

17. In response to paragraph 17 of the Complaint, Defendant objects to various terms including "brief agreed orthopedic evaluation" and "purpose of this report" on the basis that they are vague, ambiguous, and unintelligible. Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations in paragraph 17, and on that basis it denies these allegations.

18. In response to paragraph 18 of the Complaint, Defendant denies Plaintiff's characterization and weight of Dr. Sommer's August 13, 2007 report. The report speaks for itself. Defendant denies the allegations and characterization that Dr. Sommer's work restrictions were

"not relevant" to Plaintiff's duties and responsibilities. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis it denies the allegations.

19. In response to paragraph 19 of the Complaint, Defendant admits that on or about September 27, 2007, it contacted Plaintiff and informed her that based upon Dr. Sommer's initial report, Defendant would need to engage in the interactive process with her before they could allow her to violate or continue to violate Dr. Sommer's issued restrictions. Defendant further admits that it suggested to Plaintiff that she could apply for disability benefits based upon the fact that she had been deemed permanent and stationary. Moreover, Defendant admits that Plaintiff did not feel that she was disabled and that she did not feel comfortable making an application for disability benefits. Defendant denies the remaining allegations.

20. In response to paragraph 20 of the Complaint, Defendant objects to various terms including "consultation," "unrestricted employment," "remove her from the job," and "made in the absence of any consultation" on the basis that they are vague, ambiguous, and unintelligible. Defendant admits that it initiated the interactive process with Plaintiff based upon the work restrictions issued by Dr. Sommers and that it did not "consult" with Dr. Tompkins in making its decision to initiate the interactive process. Defendant denies the remaining allegations.

21. In response to paragraph 21 of the Complaint, Defendant denies Plaintiff's characterization of what the meeting was about and the allegation that "no one present at the October 5, 2007 meeting possessed any day-to-day knowledge of the requirements of Plaintiff's job and that a decision had been made to preclude her from continuing her job." Defendant is without sufficient knowledge or information to form a belief as to the truth of whether Ms. Honeyman was "very familiar with plaintiff's work duties and abilities" and believes those terms to be vague and ambiguous. Defendant admits the remaining allegations.

22. In response to paragraph 21 of the Complaint, Defendant objects to various terms including "vaguely limited," "actuality infrequently," "if ever required by her job," "emphasized," "performing the required duties of her job without incident," and "unrestricted employment" on the basis that they are vague, ambiguous, and unintelligible. Defendant admits that Plaintiff mentioned

during the meeting that she had taken no sick days since her return to work, that she had been performing her job without restrictions, and she questioned the frequency of the restrictions that Dr. Sommers said she could not perform. Defendant denies the remaining allegations.

23. In response to paragraph 23 of the Complaint, Defendant objects to various terms including "despite this evidence," "confirmed its prior decision to oust," "choose something that 'interested' her," and "essential functions of her customary job" on the basis that they are vague, ambiguous, and unintelligible. Defendant admits that at the October 5, 2007 meeting, she was given a list of job openings to review as part of the interactive process. Defendant further admits that the job openings shown to Plaintiff did not have any wage or salary information. Defendant denies the allegation that there was alleged "evidence" that Plaintiff was able to perform the essential functions of her position or that she had to make a decision in choosing a new job by October 11, 2007. Defendant also denies that it had confirmed any alleged "prior decision to oust" Plaintiff from her job. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis it denies the allegations.

24. In response to paragraph 24 of the Complaint, Defendant objects to terms including "ousted" or "forced" on the basis that they are vague, ambiguous, and unintelligible. Defendant denies these allegations.

25. In response to paragraph 25 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis it denies the allegations. The referenced documents speak for themselves.

26. In response to paragraph 26 of the Complaint, Defendant objects to terms including "plaintiff's counsel," "began to engage," "correspondence," "telephone conversations with the hospital," and "wrongful decision to bar plaintiff from her employment," on the basis that they are vague, ambiguous, and unintelligible. Defendant denies the allegation that it made any sort of "wrongful" decision. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis it denies the allegations.

27. In response to paragraph 27 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations in paragraph 27, and

on that basis it denies these allegations. The document should speak for itself.

28. In response to paragraph 28 of the Complaint, Defendant objects to terms including "counsel for the hospital," "informed," and "plaintiff's counsel" on the basis that they are vague, ambiguous, and unintelligible. Defendant admits the allegations.

29. In response to paragraph 29 of the Complaint, Defendant admits that Plaintiff returned to the position of Ultrasound Technologist (Medical Sonographer).

30. In response to paragraph 30 of the Complaint, Defendant denies these allegations.

31. In response to paragraph 31 of the Complaint, Defendant denies these allegations or that it violated any statutes.

32. In response to paragraph 32 of the Complaint, Defendant objects to various terms including "conditions of the employment agreement" and "prevented from doing so" on the basis that they are vague, ambiguous, and unintelligible. Defendant denies that there was any employment agreement because Plaintiff's employment with Defendant was at all times at-will. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis it denies the allegations.

## VI. DECLARATORY RELIEF ALLEGATIONS.

33. In response to paragraph 33 of the Complaint, Defendant incorporates its responses in the foregoing paragraphs.

34. In response to paragraph 34 of the Complaint, Defendant denies these allegations or that it violated any statutes.

35. In response to paragraph 35 of the Complaint, Defendant admits that Plaintiff seeks a judicial declaration of rights and duties. Defendant denies that any such judicial determination is necessary.

## VII. FIRST CLAIM FOR RELIEF
### Discrimination on the Basis of Disability
### (Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*)

36. In response to paragraph 36 of the Complaint, Defendant incorporates its responses in the foregoing paragraphs.

37. In response to paragraph 37 of the Complaint, Defendant is without sufficient

6    CASE NO. CV 08 3385 EDL
ANSWER OF DEFENDANT SANTA ROSA MEMORIAL HOSPITAL
TO PLAINTIFF ELLEN M. PALMER'S COMPLAINT FOR DAMAGES

1  knowledge or information to form a belief as to the truth of these allegations in paragraph 37, and
2  on that basis it denies these allegations.

3      38.    In response to paragraph 38 of the Complaint, it is vague as to time; thus, Defendant
4  is without sufficient knowledge or information to form a belief as to the truth of these allegations in
5  paragraph 38, and on that basis it denies these allegations.

6      39.    In response to paragraph 39 of the Complaint, Defendant denies that any response is
7  required, as the statutes speak for themselves as to what is required. Defendant denies any
8  violation of the statute.

9      40.    In response to paragraph 40 of the Complaint, Defendant denies these allegations.

10      41.    In response to paragraph 41 of the Complaint, Defendant denies these allegations.

11      42.    In response to paragraph 42 of the Complaint, Defendant admits that Plaintiff seeks
12  the listed relief and damages. Defendant also denies that Plaintiff is entitled to the same.

13      43.    In response to paragraph 43 of the Complaint, Defendant admits that Plaintiff seeks
14  the listed relief and damages. Defendant denies that Plaintiff is entitled to the same.

15      44.    In response to paragraph 44 of the Complaint, Defendant denies these allegations.

16      45.    In response to paragraph 45 of the Complaint, Defendant denies these allegations.

### VIII.  SECOND CLAIM FOR RELIEF
### DISCRIMINATION ON THE BASIS OF DISABILITY
### (California Government Code § 12940(a))

19      46.    In response to paragraph 46 of the Complaint, Defendant incorporates its responses
20  in the foregoing paragraphs.

21      47.    In response to paragraph 47 of the Complaint, Defendant denies that any response is
22  required, as the statute speaks for itself. Defendant denies any violation of the statute.

23      48.    In response to paragraph 48 of the Complaint, Defendant objects to various terms
24  including "musculoskeletal system," "limited a major life activity," "regarded as," and "as having a
25  physical condition that made achievement of a major life activity difficult" on the basis that they
26  are vague, ambiguous, and unintelligible. Defendant denies that it regarded Plaintiff or treated her
27  as having a physical condition that made achievement of a major life activity difficult. Defendant
28  is without sufficient knowledge or information to form a belief as to the truth of the remaining

1 | allegations, and on that basis it denies the allegations.

2      49. In response to paragraph 49 of the Complaint, Defendant objects to various terms including "qualified individual" and "position she desired and held" on the basis that they are vague, ambiguous, and unintelligible. Defendant further objects on the basis that the allegation is vague as to time, and therefore, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis it denies the allegations.,

     50. In response to paragraph 50 of the Complaint, Defendant objects to various terms including "motivating factor," "bar her from her customary employment," and "other discrimination against her" on the basis that they are vague, ambiguous, and unintelligible. Defendant denies these allegations or that it violated any statute.

     51. In response to paragraph 51 of the Complaint, Defendant admits that Plaintiff seeks the listed relief and damages. Defendant denies that Plaintiff is entitled to the same.

     52. In response to paragraph 52 of the Complaint, Defendant admits that Plaintiff seeks the listed relief and damages. Defendant denies that Plaintiff is entitled to the same.

     53. In response to paragraph 53 of the Complaint, Defendant denies these allegations.

     54. In response to paragraph 54 of the Complaint, Defendant denies these allegations.

### IX. THIRD CLAIM FOR RELIEF
### FAILURE TO ENGAGE IN INTERACTIVE PROCESS
### (California Government Code § 12940(n))

     55. In response to paragraph 55 of the Complaint, Defendant incorporates its responses in the foregoing paragraphs.

     56. In response to paragraph 56 of the Complaint, Defendant denies that any response is required, as the statutes speak for themselves. Defendant denies any violation of the statute.

     57. In response to paragraph 57 of the Complaint, Defendant denies that any response is required, as the statutes speak for themselves as to what is required. Defendant denies any violation of the statute.

     58. In response to paragraph 58 of the Complaint, Defendant denies these allegations.

     59. In response to paragraph 59 of the Complaint, Defendant admits that Plaintiff seeks the listed relief and damages. Defendant denies that Plaintiff is entitled to the same.

60. In response to paragraph 60 of the Complaint, Defendant admits that Plaintiff seeks the listed relief and damages. Defendant denies that Plaintiff is entitled to the same.

61. In response to paragraph 61 of the Complaint, Defendant denies these allegations.

62. In response to paragraph 62 of the Complaint, Defendant denies these allegations.

### X. FOURTH CLAIM FOR RELIEF
### FAILURE TO ACCOMMODATE DISABILITY
### (California Government Code § 12940(m))

63. In response to paragraph 63 of the Complaint, Defendant incorporates its responses in the foregoing paragraphs.

64. In response to paragraph 64 of the Complaint, Defendant denies that any response is required, as the statutes speak for themselves. Defendant denies any violation of the statute.

65. In response to paragraph 65 of the Complaint, Defendant denies these allegations.

66. In response to paragraph 66 of the Complaint, Defendant admits that Plaintiff seeks the listed relief and damages. Defendant denies that Plaintiff is entitled to the same.

67. In response to paragraph 67 of the Complaint, Defendant admits that Plaintiff seeks the listed relief and damages. Defendant denies that Plaintiff is entitled to the same.

68. In response to paragraph 68 of the Complaint, Defendant denies these allegations.

69. In response to paragraph 61 of the Complaint, Defendant denies these allegations.

### XI. FIFTH CLAIM FOR RELIEF
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

70. In response to paragraph 70 of the Complaint, Defendant incorporates its responses in the foregoing paragraphs.

71. In response to paragraph 71 of the Complaint, Defendant denies that any response is required, as the statutes speak for themselves. Defendant denies any violation of the statute.

72. In response to paragraph 72 of the Complaint, Defendant denies these allegations.

73. In response to paragraph 73 of the Complaint, Defendant admits that Plaintiff seeks the listed relief and damages. Defendant denies that Plaintiff is entitled to the same.

74. In response to paragraph 74 of the Complaint, Defendant admits that Plaintiff seeks the listed relief and damages. Defendant denies that Plaintiff is entitled to the same.

1  75.  In response to paragraph 75 of the Complaint, Defendant denies these allegations.

2  76.  In response to paragraph 76 of the Complaint, Defendant denies these allegations.

### XII. RELIEF REQUESTED

1.  In response to paragraph 1 of the relief requested, Defendant admits that Plaintiff seeks the listed relief and damages. Defendant denies these allegations and that Plaintiff is entitled to any relief and/or damages.

2.  In response to paragraph 2 of the relief requested, Defendant admits that Plaintiff seeks the listed relief and damages. Defendant denies these allegations and that Plaintiff is entitled to any relief and/or damages.

3.  In response to paragraph 3 of the relief requested, Defendant admits that Plaintiff seeks the listed relief and damages. Defendant denies that Plaintiff is entitled to the same.

4.  In response to paragraph 4 of the relief requested, Defendant admits that Plaintiff seeks the listed relief and damages. Defendant denies that Plaintiff is entitled to the same.

5.  In response to paragraph 5 of the relief requested, Defendant admits that Plaintiff seeks the listed relief and damages. Defendant denies that Plaintiff is entitled to the same.

6.  In response to paragraph 6 of the relief requested, Defendant admits that Plaintiff seeks the listed relief and damages. Defendant denies that Plaintiff is entitled to the same.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a valid claim against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to reasonably mitigate her damages, if any.

///

///

///

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's exclusive remedy for any alleged damages is governed by the California Workers' Compensation Act. Cal. Labor Code §§ 3200 et seq.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's conduct was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances then existing, and was privileged and justified.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her failure to exhaust her administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

By her own actions, Plaintiff has waived and is therefore estopped from bringing any claim for relief against Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

With or without a reasonable accommodation, Plaintiff could not perform the essential functions of her position.

### NINTH AFFIRMATIVE DEFENSE

Defendant alleges that to the extent Plaintiff's alleged disability was not accommodated, Plaintiff's alleged disability could not have been accommodated without imposing an undue hardship upon Defendant.

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges that to the extent Plaintiff's alleged disability was not accommodated, Plaintiff's alleged disability could not have been accommodated without endangering her health or safety and/or the health or safety of others.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to engage in the interactive process in good faith as required by the law.

### TWELVTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to support a claim for punitive damages.

///

1  **WHEREFORE**, Defendant prays for judgment as follows:

2  1.   That Plaintiff take nothing by way of her Complaint;

3  2.   That the Complaint be dismissed with prejudice;

4  3.   That the Court enters judgment for Defendant and against Plaintiff on all her alleged claims;

6  4.   That the Court award Defendant its costs of suit; and

7  5.   The Court grants Defendant such other and further relief as the Court deems just and proper.

DATED: August 12, 2008

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Thomas M. McInerney
Attorneys for Defendant
SANTA ROSA MEMORIAL HOSPITAL

12   CASE NO. CV 08 3385 EDL
ANSWER OF DEFENDANT SANTA ROSA MEMORIAL HOSPITAL
TO PLAINTIFF ELLEN M. PALMER'S COMPLAINT FOR DAMAGES

1 <b>PROOF OF SERVICE BY UNITED STATES MAIL</b>

2  STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3  I am employed in the County of San Francisco, State of California; I am over the age of 18

4  years and not a party to this action. My business address is Steuart Tower, Suite 1300, One Market

5  Plaza, San Francisco, California 94105.

6  On August 12, 2008, I served the following document(s) described as: **ANSWER OF**

7  **DEFENDANT SANTA ROSA MEMORIAL HOSPITAL TO PLAINTIFF ELLEN M.**

8  **PALMER'S COMPLAINT FOR DAMAGES**, on the persons below as follows:

9  Susan Sher
Law Offices Of Susan Sher
10  116 S. State St.
Ukiah, CA  95482
11  707-463-1196 Telephone
12  707-462-6258 Facsimile

13

14  I enclosed the documents in a sealed envelope or package addressed to the persons at the

15  addresses as indicated above and:

16  ☒  placed the envelope or package for collection and mailing, following our ordinary

17  business practices. I am readily familiar with this business's practice for collecting and processing

18  correspondence for mailing. On the same day that correspondence is placed for collection and

19  mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a

20  sealed envelope or package with postage fully prepaid.

21  I am employed in the county where the mailing occurred. The envelope or package was

22  placed in the mail at San Francisco, California.

23  ☒  (State) I declare under penalty of perjury under the laws of the State of California

24  that the above is true and correct.

25  Executed on August 12, 2008, at San Francisco, California.

26  _JOVANIA FAAMALIGI_
Type Name

27

28  * (SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)